K. Morgan KENYON, Plaintiff–Appellant,

v.

Ronald R. WOOD, Individually and in his official capacity as Sheriff of Nelson County, 1996; Michael R. McCarthy, Badge No. 308, individually and in his official capacity as Nelson County Deputy Sheriff, 1996; Malcolm E. Bridgewater, Badge 309, individually and in his official capacity as Sheriff's Deputy, 1997; Phillip D. Payne, IV, individually and in his official capacity as Nelson County Commonwealth Attorney, 1996; James S. Massie, III, Individually and in his official capacity as plaintiff's court-appointed "counsel", 1996; Teresa A. Eimutus, Individually and in her respective conspiratorial role acting, thereby with law enforcement, to effect deliberate violation of plaintiff's Civil Rights, under collateral color of state law; Jeffrey T. Eimutus, Defendants–Appellees,

and

Nelson County Sheriff'S Department; Jasper Fletcher, Individually and in his official capacity as Magistrate, 1996; Joseph M. Serkes, Individually and in his official capacity as Nelson County district court "judge", 1996; Lawrence Janow, "judge", individual and official capacity; Michael Gamble, "judge", individual and official capacity; James Updike, substitute "judge" for recused "judge", defendant Serkes, individually and in his official capacity; Nelson T. Overton, "judge", individual and official capacity; James S. Gilmore, III, Attorney General, 1996 and Governor, 1999, individual and official capacity; George W. Allen, Governor, 1996, individual and official capacity, Defendants.

K. Morgan Kenyon, Plaintiff–Appellant,

v.

Central State Hospital; Ann Mintor, RN, individually and in her official capacity as Central State nurse, 1996, who admitted plaintiff by a telephone "consultation," in violation of Title 37.154; Amenra Formosa Tuason, MD, individually and in his official capaci-

ty as "treatment team" psychiatrist, 1996, who admitted plaintiff by a phone "consultation" in violation of 37.154; Usha Harindarin, MD, individually and in her official capacity as "treatment team" psychiatrist, 1996; Steven Herrick, Ph.D., individually and in his official capacity as "treatment team" member 1996; LAC LE, individually and in his professional capacity as defendant Central State Hospital physician, 1996; Jean Turner, CNS, individually and in her official capacity as "treatment team" member, 1996; Eve Sugar, LCW, individually and in her official capacity as "treatment team" member, 1996; Hadley Osran, MD, individually and in his official capacity as Director of CSH Forensic Unit, 1996; N. Powell, individually and in her official capacity as Central State Hospital Ward 7 employee, 1996; Ms. Logan, individually and in her official capacity as Central State Hospital Ward 7 employee, 1996; Unknown Agent, John Doe, individually and in his official capacity as Central State Hospital Ward 7 employee, 1996; James T. Bumpas, individually and in his official capacity as Director of Central State Hospital, 1996; J. Logan, FMHT, individually and in her official capacity, Defendants–Appellees,

and

Thomas Dempsey, individually and in his official capacity as an alleged attorney employed by Central State Hospital, 1996; Samuel T. Patterson, individually and in his official capacity as an alleged "judge" employed by Central State Hospital, 1996; Richard Kelly, individually and in his official capacity as Director of the Department of Mental Health, Mental Retardation and Substance Abuse, in 1996; The Department of Mental Health, Mental Retardation and Substance Abuse Services Board; Richard Kellogg, individually and in his official capacity as assistant to the Commissioner of DMHMRSAS, 1996; James G. Lumpkin, individually and in his official capacity as current chair of DMHMRSAS; Virginia Difflemyer, individually and in her official capacity as current Vice–Chair of DMHMRSAS; Joseph Allen, individually and in his official capacity as current DMHMRSAS Board member; Michael Joseph Flynn, individually and in his official capacity as current DMHMRSAS Board member; Charles A. Gunn, individually and in his official capacity as current DMHMRSAS Board member; Martha M. Jallin, individually and in her official capacity as current DMHMRSAS Board member; Barbara B. Smith, individually and in her official capacity as current DMHMRSAS Board member; A. Latex, FMHT, individual and official capacity; J. Suttle, individual and official capacity; Violet Hite, Patient Advocate, individually and in her official capacity; Four Unknown FMHT Employees, individually and official capacities; Mr. Blair, Investigator, CSH "Security" Department, individually and in his official capacity; Four Unknown Agents, CSH "Security" Department, individually and official capacities; James Gilmore, Attorney General, 1996, individually and in his official capacity; George Allen, Governor of Virginia, 1996, individually and in his official capacity, Defendants.

K. Morgan Kenyon, Plaintiff–Appellant,

v.

Lewis Barlow, Superintendent, Piedmont Regional Jail, Farmville, Virginia, 1996, individually and in his official capacity; Gene Southall, Sheriff

of Amelia County, 1996, individually and in his official capacity; Captain Marshall, deputized Piedmont Regional Jail official, 1996, individually and in his official capacity; John Doe, Sergeant, deputized Piedmont Regional Jail official, 1996, individually and in his official capacity; Ms. Pritchitt, Deputy, Piedmont Regional Jail, 1996, individually and in her official capacity; Ms. Whitehead, Deputy, Piedmont Regional Jail, 1996, individually and in her official capacity; John Doe, Unknown Agent/Official, Piedmont Regional Jail, 1996; Jane Doe, Lieutenant, Nurse, Piedmont Regional Jail, 1996, individually and in her official capacity; Ten Unknown Agents/Deputies/Officials, Piedmont Regional Jail, 1996, individually and in their official capacities; Ronald R. Wood, Sheriff of Nelson County, 1996, individually and in his official capacity; Malcolm M. Bridgewater, Badge No. 312, Nelson County Sheriff's Deputy, 1996, individually and in his official capacity; George Allen, Governor of Virginia, 1996, individually and in his official capacity, Defendants–Appellees.

K. Morgan Kenyon, Plaintiff–Appellant,

v.

George McMillan, Sheriff of City of Roanoke, for W. Alvin Hudson, former Sheriff, (retired), individually and in his official capacity; Richard Hull, Sergeant, Roanoke City Jail, 1996, individually and in his official capacity; Shondra Duncan, Deputy, Roanoke City Jail, 1996, individually and in her official capacity; Bobby W. Ratliff, Sergeant, Roanoke City Jail, 1996, individually and in his official capacity; Norman E. Hudson, Sergeant, Roanoke City Jail, 1996, individually and in his official capacity;

David Blevins, Captain, Roanoke City Jail, 1996, individually and in his official capacity; Richard Lawson, Sergeant, Roanoke City Jail, 1996, individually and in his official capacity; Bruce Palmer, Sergeant, 1996, individually and in his official capacity; Unknown Agent, Jane Doe, jail medical employee, 1996, individually and in her official capacity, for collective battery of plaintiff directed by defendant Hull; Two Unknown Agents, responsible for the directed battery of plaintiff by defendant Sergeant Hull, are sued individually and in their official capacities; Twenty Unknown Agents, responsible for the directed battery of plaintiff by defendant Sergeant Hull, are sued individually and in their official capacities; George Allen, Governor of Virginia, 1996, individually and in his official capacity, Defendants–Appellees.

Nos. 00–1757, 00–1760, 00–1758, 00–1759.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 30, 2000.

Decided Jan. 24, 2001.

K. Morgan Kenyon, pro se. Carlene Booth Johnson, Perry & Windels, Dillwyn, VA; Teresa A. Eimutus, Jeffrey T. Eimutus, Roseland, VA; Jane D. Hickey, Office of the Attorney General of Virginia, Richmond, VA, for appellees.

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

PER CURIAM.

K. Morgan Kenyon appeals the district court's orders denying relief on her several

42 U.S.C.A. § 1983 (West Supp.2000) complaints. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *Kenyon v. Nelson County Sheriff,* No. CA–98–81–6; *Kenyon v. Central State Hosp.,* No. CA–98–83–6; *Kenyon v. Barlow,* No. CA–98–93–6; *Kenyon v. McMillan,* No. CA–99–1–6 (W.D.Va. May 9 & 18, 2000). The Appellees in Nos. 00–1757, 00–1759, and 00–1760 have moved this Court to award attorneys fees and costs. Although we deny the Appellees' motion for fees and costs, we warn Kenyon that her continued pursuit of frivolous claims in this Court may result in the award of damages and costs or other sanctions against her. *See* Fed.R.App.P. 38. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.